**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-50149
Summary Calendar

ALMA DANIELS,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas

(SA-97-CV-595)

May 20, 1999

Before WISDOM[1], JONES, and EMILIO M. GARZA, Circuit Judges

PER CURIAM:[2]

The plaintiff-appellant, Alma Daniels, appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability insurance benefits. In

her application, Daniels alleged that she had been disabled since August 1992 as a result of high

blood pressure, diabetes, and a heart condition. On appeal, Daniels contends that (1) her due

process rights were violated by a bifurcated hearing before different administrative law judges,

medical experts, and vocational experts; and (2) the Commissioner's decision was based upon an

erroneous application of legal principles and is not supported by substantial evidence. We affirm.

With regard to Daniels's first contention, "[t]he administrative law judge may stop the

---

[1] Judge John Minor Wisdom authored this opinion prior to his death on May 15, 1999.

[2] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing at the hearing."[3] Contrary to Daniels's assertions, her first hearing was not complete. The ALJ explicitly left the hearing open so that Daniels could provide additional medical information because the record did not contain evidence that supported her claims of heart condition or headaches. Daniels received notice of the second hearing and did not object to the presence of different ALJ's, medical experts, or vocational experts. The testimony by Daniels and her daughter at the first hearing was largely repeated at the second hearing. While it is true that the medical expert in the first hearing limited Daniels's physical exertion to light work, this medical expert did not have access to Daniels's entire medical file. The medical expert at the second hearing had examined the entire record and was able to provide a more thorough and detailed analysis of Daniels's medical history and current medical condition. Both medical experts ultimately opined that Daniels did not meet or equal any of the listings. Although the ALJ at the second hearing did not specifically discuss the opinions of the medical expert and vocational expert from the first hearing, he did state that his opinion was based on all of the evidence and that he had carefully considered the entire record. Daniels has therefore failed to establish a violation of her due process rights, and has not shown reversible error.

As to Daniels's second contention, we will not disturb the Commissioner's decision unless we find that (1) the Commissioner's decision is not supported by substantial evidence in the record or (2) the Commissioner did not apply the proper legal standards in evaluating the evidence.[4] In conducting our review of the record, we may not reweigh the evidence or try the issues *de novo*.[5] We have reviewed the record and the briefs filed by the parties, and we find no

---

[3]      20 C.F.R. § 404.944. *See, e.g., Rivers v. Schweiker*, 684 F.2d 1144, 1147 (5th Cir. 1982) (noting that a supplemental hearing was held after claimant submitted additional medical information)..

[4]      *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[5]      *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

reversible error.  Accordingly, we affirm the judgment entered by the district court.[6]

AFFIRMED.

---

[6] *See Daniels v. Apfel*, No. SA-97-CV-595 (W.D. Tex. Dec. 10, 1997).